## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

GLENDA KOVACH and AMY ADKINS, individually and as a representative of a Putative Class of Participants and Beneficiaries, on behalf of the LHC GROUP 401(k) Plan,

Plaintiffs,

v.

LHC GROUP INC., LHC GROUP 401(k) COMMITTEE, MARCUS MACIP, JOSH PROFFITT, CHRIS GILL, KIMBERLY SEYMORE, and DOES 1 through 10,

Defendants.

CASE NO. 3:23-cv-0051

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)**

1

## TABLE OF CONTENTS

Page(s)

I.      INTRODUCTION……………………………………….…………….…1

II.     LEGAL DISCUSSION……………….……………………………………...3

        A.  LHC improperly failed to answer the Complaint……………….….3

        B.   The standard for transferring venue under Section 1404(a)……….....4

        1. Plaintiff's choice of forum is entitled to substantial weight and LHC has not overcome the great deference given to this factor……………….……5

          (a) An ERISA plaintiff's choice of forum is entitled to heightened deference…………………………………………………….…..6

          (b)  A Plaintiff's choice of forum is entitled to heightened deference when the plaintiff chooses to litigate at home and where operative facts took place……………………………………………………..…..6

        (c) The plaintiff's chosen forum is given deference even in class actions…..8

      2. LHC has not met its burden of showing that the convenience of the parties weighs in favor of transfer to Louisiana……………………………….12

      3. LHC has not met its burden of showing that the convenience of witnesses weighs in favor of transfer to Louisiana…………………………..………16

      4. LHC has not met its burden of showing that the interests of justice weigh in favor of transfer to Louisiana…………………………………………..17

III.    CONCLUSION………………….……………………….………….................20

## TABLE OF AUTHORITIES

**Cases**                                                                                                                     **Page(s)**

*Acterna LLC v Adtech Inc.*,
129 F. Supp. 2d 936, 939 (E.D. Va. 2001)……………………………………………………….15

*ADE Corp.*,
138 F. Supp. 2d 565 at 571 (D. Del. 2001)…………………………………………………………16

*Amalgamated Clothing & Textile Workers Union, etc. v. Federation of Union Representatives,*
664 F. Supp. 995, 997 (S.D.W. Va. 1987)…………………………………………………………..7, 8

*Bd. Tr. V. Baylor Heating & Air Conditioning, Inc.*,
702 F. Supp. 1253, 1258 (E.D. Va. 1988)………………………………………………………14, 15

*Bd. of Trustees, Sheet Metal Workers' Nat. Pension Fund v. Boeser, Inc.*,
No. 1:14CV1458 JCC/TC, 2015 WL 402992, at *5 (E.D. Va. Jan. 28, 2015)……………….13

*Bd. of Trs. v. Sullivant Ave. Props., LLC*,
508 F. Supp. 2d 473, 477 (E.D. Va. 2007)…………………………...………………….5, 6, 12

*Beres v. Thomson McKinnon Sec., Inc.*,
No. 85 CIV. 6674 (SWK), 1987 WL 16977, at *4 (S.D.N.Y. Sept. 10, 1987)…………...…..9

*Bostic v. Ohio River Co. (Ohio Div.) Basic Pension Plan*,
517 F. Supp. 627, 635 (S.D.W. Va. 1981)…………………………………………...……….7

*Branch Banking & Tr. Co. v. ServisFirst Bank,*
No. 2:19-CV-00366, 2019 WL 7165980, at *15 (S.D.W. Va. Dec. 20, 2019)…..……..……4

*Byerson v. Equifax Info. Servs., LLC*,
467 F. Supp. 2d 627 (E.D. Va. 2006)……………………………………………………….8, 18

*Cargill Inc. v. Prudential Ins. Co. of Am.*,
920 F. Supp. 144, 148 (D. Colo. 1996)………………………………………...……..18

*Carter v. Clark Material Handling Co.,*
No. 97 C 4424, 1998 WL 89244, at *2 (N. D. Ill. Feb. 17, 1998)……………………..….…3

*Carty v. Health-Chem Corp.*,
567 F. Supp. at 4…………………………………………………………………….9, 11

*Casana Furniture Co. v. Coaster Co. of Am.*,
No. 1:08CV744, 2009 WL 783399, at *4 (M.D.N.C. Mar. 24, 2009)………………………19

*Cassi v. Sharper Image Corp.*,
No. CV AW-05-1576, 2006 WL 8457101, at *4 (D. Md. Jan. 10, 2006)………………..12, 15

*Collins v. Straight, Inc.*,
748 F.2d 916, 921 (4th Cir. 1984)………………………………………………………..5

*Continental Grain & Co. v. Barge FBL*,
364 U.S. 19, 27 (1960)……………………………………….………………………..4

3

*Corry v. CFM Majestic, Inc.*,
16 F. Supp. 2d 660, 667 n.16 (E.D. Va. 1998)……………………………………….……14

*E. Coast Res. LLC v. Hempstead*,
2007 U.S. Dist. LEXIS 51285, at *8 (E.D. Va. Jul 16, 2007)……………………….……….13

*Famous Music, LLC v. Stellar Records, Inc.*,
2007 U.S. Dist. LEXIS 98984 at *23 (M.D. Tenn. Sept. 28, 2007)……………..….....…….12, 15

*Graphics Properties Holdings Inc. v. Asus Computer International, Inc.*,
964 F. Supp. 2d 320, 325 (D. Del. 2013)………………………………………………..…..14

*Gibbs v. Sequoia Cap. Operations, LLC*,
966 F.3d 286 (4th Cir. 2020)……………………………………………………..……12

*Gibbs v. Stinson*,
421 F. Supp. 3d 267, 288–89 (E.D. Va. 2019)………………………………………………..12

*Ginter v. Whirlpool Corp.*,
2008 U.S. Dist. LEXIS 109497, *3 (W.D. Mich. 2008)………………………….………..16

*Guadalupe v. Am. Campus Cmtys. Servs.*,
No. 2:15-cv-487, 2016 U.S. Dist. LEXIS 198352, at *12-13 (E.D. Va. Aug. 12, 2016)…..10, 11

*Gulf Oil v. Gilbert*,
330 U.S. 501, 508 (1946)………………………………………………………………….5

*Hall v. Miller's Health Sys., Inc.*,
No. 2:12-CV-151, 2012 WL 4713925, at *2 (N.D. Ind. June 12, 2012)………………..…3, 4

*Hengle v. Curry*,
No. 3:18-CV-100, 2018 WL 3016289, at *9 (E.D. Va. June 15, 2018)………………………….9

*Imran v. Vital Pharms., Inc.*,
No. 18-CV-05758-JST, 2019 WL 1509180, at *3 (N.D. Cal. Apr. 5, 2019)……………..…….10

*Int'l Union v. Consol Energy, Inc.*,
465 F. Supp. 3d 556, 585 (S.D.W. Va. 2020)……………………………………………7, 8

*James v. Experian Info. Solutions, Inc.*,
No. 3:12-cv-902, 2 2014 WL 29041, at *7-8 (E.D. Va. Jan. 2, 2014)……………10, 19

*Jones v. Frazier*,
No. 1:09cv513, 2009 WL 2601355, at *8 (E.D. Va. Aug. 18, 2009)………………..…….5, 11

*JTH Tax, Inc. v Lee*,
482 F. Supp.2d 731, 736 (E.D. Va. 2007)………………………………………………13

*Kimbler v. Spear*,
No. 1:16CV00047, 2017 WL 1337276, at *3 (W.D. Va. Apr. 11, 2017)………………….…..4

*Koh v. Microtek Int'l Inc.*,
250 F. Supp. 2d 627, 630 (E.D. Va. 2003)………………………………………………4, 14, 16

*Koster v. (Am.) Lumbermens Mut. Cas. Co.*,
330 U.S. 518, 525 (1947)……………………………………………………………………9

*Lanier Bus. Prod. v. Graymar Co.*,
355 F. Supp. 524, 528 (D. Md. 1973)……………………………….………………14

*Lou v. Belzberg*,
834 F. 2d 730, 739 (9th Cir. 1987)……………………………………..……….9

*Nichols v. Vilsack,*
183 F. Supp. 3d 39, 42 (D.D.C. 2016)………………………….………..….3

*Oeste v. Zynga, Inc.*,
No. GLR-2—1566, 2021 U.S. Dist. LEXIS 86162, at *4-5 (D. Md. May 5, 2021)….………10

*Original Creatine Patent Co., Ltd. v. Met-Rx USA, Inc.*,
387 F. Supp. 2d 564, 566 (E.D. Va. 2005)…………………………………………..4

*Peacock v. PACE Int'l Union Pension Fund Plan*,
2007 U.S. Dist. LEXIS 62471 at *30 (M.D. Tenn., Aug. 23, 2007)…………………………15

*P.M. Enterprises v. Color Works*,
946 F. Supp. 435, 440 (S.D.W. Va. 1996)……………………………………………18

*Prod. Grp. Int'l, Inc. v. Goldman*,
337 F. Supp. 2d 788, 800 (E.D. Va. 2004)……………………………………….…..17

*Reyes v. Bakery and Confectionery Union and Indus. Int'l Pension Fund*,
2015 WL 1738269, at *2-3 (N.D. Cal. Apr. 9, 2015)…………………………………….…10

*Reynolds v. Arowood*,
2007 U.S. Dist. LEXIS 61785, *5-6 (M.D. Tenn. 2007)……………………………...…14, 16

*Samsung Elecs. Co., Ltd. v. Rambus, Inc.*,
386 F.Supp.2d 708, 716 (E.D. Va.2005)………………………………………….6, 15-18

*Schrader v. Trucking Emps. of N. Jersey Welfare Fund, Inc.*,
232 F. Supp. 2d 560, 573 (M.D.N.C. 2002)……………………………………………..7

*Shrewsbury v. Am. Red Cross Mid Atl. Region*,
No. 2:18-cv-00531, 2018 U.S. Dist. LEXIS 88162, at *6 (S.D.W. Va. May 25, 2018).….7, 8

*Solomon v. Am. Web Loan*,
375 F. Supp. 3d 638, 665 (E.D. Va. 2019)………………………………………….…..11

*Speed Trac Techs., Inc. v. Estes Express Lines, Inc.*,
567 F. Supp. 2d 799, 805 (M.D.N.C. 2008)……………………………………………..19

*Steadfast Ins. Co. v. Berkley Nat'l Ins. Co.*,
No. 2:15-CV-09203, 2015 WL 9284859, at *3 (S.D.W. Va. Dec. 18, 2015)………………..19

*Stewart Org. v. Ricoh Corp.*,
487 U.S. 22, 29 (1988)………………………………………………………4, 17

*Taltwell, LLC v. Zonet USA Corp.*,
2007 U.S. Dist. LEXIS 93465, at *35 (E.D. Va. Dec. 20, 2007)……………………………..13

*Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*,
791 F.3d 436, 444 (4th Cir. 2015)…………………………………………….……………5

*United Bankshares, Inc. v. St. Paul Mercury Ins. Co.*,
No. 6:10-CV-00188, 2010 WL 4630212, at *12 (S.D.W. Va. Nov. 4, 2010)………………..16

*United States v. Gwinn*,
No. CIVA 5:06-CV-00267, 2008 WL 867927, at *18 (S.D.W. Va. Mar. 31, 2008)……….…6

*Van Slyke v. Cap. One Bank*,
503 F. Supp. 2d 1353, 1363 (N.D. Cal. 2007)……………………………………….……….10

*Varsic v. U.S. Dist. Court for Cent. Dist. of Cal.*,
607 F. 2d 245, 247-50……………………………………………………………………...…7

*Vitria Tech. Inc. v. Cincinnati Ins. Co.*,
2005 U.S. Dist. LEXIS 44480, 2005 WL 2431192, *3 (N.D. Cal. 2005)…………………….16

*Winnett v. Caterpillar Inc.*,
2006 WL 1722434, at *5 (M.D. Tenn. June 20, 2006)………………………………….6, 16

**Statutes**

28 U.S.C. § 1404(a) ...........................................................................................................4

6

## I.  INTRODUCTION

Plaintiffs Glenda Kovach ("Kovach") and Amy Adkins ("Adkins") (collectively "Plaintiffs") have filed this class action lawsuit against their former employer under the Employee Retirement Income Security Act ("ERISA") alleging, among other claims, the mismanagement of the LHC Group 401(k) Plan (the "Plan"). Plaintiffs filed this action against LHC Group, Inc., the Administrative Committee of LHC Group 401(k) Plan, and various individual defendant employees and officers of LHC involved in the management of the Plan (collectively "LHC") in West Virginia.  Plaintiff Kovach lives and worked for Defendant LHC in West Virginia, along with over 500 other LHC employees.  Plaintiff Adkins worked for LHC in this district.  She lives in South Point, Ohio, just across the river from the courthouse, a fact that eluded LHC when it continuously indicates her choice of forum should be given no deference. An additional 1800+ Ohio residents are LHC employees.

As an initial matter, LHC's motion practice is procedurally defective.  LHC has filed a motion to stay the case and to transfer venue, but it has not filed an answer or motion under Federal Rule of Civil Procedure 12. A Motion to Transfer Venue under 28 U.S.C. §1404(a) is not a responsive pleading.  LHC was required to file a responsive pleading by the April 4, 2023, deadline and should be required to respond to Plaintiffs' pleading.

LHC fares no better substantively. LHC seeks to force Plaintiffs to litigate this case in a distant court in Louisiana, a state in which neither Plaintiff has lived or worked. The basis for LHC's motion is that the Western District of Louisiana is a proper and purportedly more convenient venue for the parties and witnesses.  However, LHC ignores its considerable burden in achieving a transfer in the face of Plaintiffs' chosen forum in an ERISA action where

1

Plaintiffs' choice of forum is given extra deference because of Congress's inclusion of a broad venue provision.

Contrary to LHC's assertion, the fact that Plaintiffs seek to bring a class action does not undermine the deference this Court gives to their choice of forum.  Rather, because Plaintiffs have filed suit at home, have a significant pecuniary interest in the litigation over the management of their retirement plan, and have a duty to the class to appropriately follow and manage the case as potential class representatives, their choice is still entitled to significant deference.  LHC's own papers demonstrate that there is no one convenient venue for the class as a whole – the whole Fifth Circuit contains less than 25% of LHC's employees.  At this point, this case has not been certified as a class action so the request to transfer of venue based on the potential composition of the class is premature.

Plaintiffs submit declarations indicating their connection to the litigation, their intent to serve as class representatives, the import of the 401k plan that is the subject of this litigation to their retirement plans, and the inconvenience they personally will face if they are required to travel to Louisiana.

LHC fails to make a countervailing showing that it would be materially inconvenienced by litigation in this forum.  It fails to identify the key witnesses and what they will testify to at trial.  It fails to indicate that it will have difficulty procuring the attendance of its employees and agents at trial.  It fails to note that it is a company that was acquired in late March for $5.4 billion by UnitedHealth (headquartered in Minnesota) and has the resources to litigate in this or any forum as part of one of the nation's biggest health conglomerates.  It fails to identify a single non-party witness that resides in its chosen forum.  It fails entirely to conduct the proper public interest factors analysis.  Courts do not transfer cases merely to flip the burden from multi-

billion-dollar companies to individual plaintiffs on the thinnest of evidence.

Ultimately, LHC reveals in its Motion to Stay the case that what it desires is a transfer for the differing views on ERISA case law in the Fifth Circuit. But all federal courts hear ERISA cases and are competent to decide them. Having now defaulted twice on its deadline to answer the Complaint, LHC should not be rewarded for its failure to proceed appropriately in this court by a transfer to another court.

## II.      LEGAL DISCUSSION

### A.      LHC improperly failed to answer the Complaint.

As noted, LHC did not move for change of venue under Federal Rule of Civil Procedure 12(b)(3) and there are no grounds to do so because LHC does not dispute that venue is proper in this district. Instead, the motion for change of venue was made pursuant to 28 U.S.C. § 1404(a), requesting that the case be transferred to the Western District of Louisiana for the convenience of the parties and witnesses. LHC's motion to transfer is not a motion to dismiss for improper venue, as listed in Rule 12(b)(3) and 12(h). *Hall v. Miller's Health Sys., Inc.,* No. 2:12-CV-151, 2012 WL 4713925, at *2 (N.D. Ind. June 12, 2012) (citing *Carter v. Clark Material Handling Co.*, No. 97 C 4424, 1998 WL 89244, at *2 (N. D. Ill. Feb. 17, 1998) (holding that, "[r]ules 12(b)(3) and 12(h) address motions to dismiss for improper venue, not motions to transfer under § 1404(a)" which "may be filed at any time"); *Nichols v. Vilsack*, 183 F. Supp. 3d 39, 42 (D.D.C. 2016) ("Unlike a motion to dismiss for improper venue under Rule 12(b)(3), a motion to transfer venue under Section 1404(a) is not a 'defense' that must be raised by pre-answer motion or responsive pleading.") (quoting 14D Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3829 (4th ed.)).

LHC needed to file a responsive pleading before moving to transfer venue and should be directed to file one. *See Hall*, 2012 WL 4713925, at *2 (N.D. Ind. June 12, 2012) (directing defendant that filed motion to transfer instead of responsive pleading to "file an answer (or other responsive pleading) as soon as possible"); *Kimbler v. Spear*, No. 1:16CV00047, 2017 WL 1337276, at *3 (W.D. Va. Apr. 11, 2017) (directing defendant that had filed motion for summary judgment but not responsive pleading to file answer).

**B.    The standard for transferring venue under Section 1404(a).**

The federal transfer of venue statute provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).  It is designed to "protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Continental Grain & Co. v. Barge FBL*, 364 U.S. 19, 27 (1960).  The proponent of transfer has the burden of persuasion, and transfer will be denied if it merely shifts the inconvenience from the defendant to the plaintiff.  *See Branch Banking & Tr. Co. v. ServisFirst Bank,* No. 2:19-CV-00366, 2019 WL 7165980, at *15 (S.D.W. Va. Dec. 20, 2019); *Original Creatine Patent Co., Ltd. v. Met-Rx USA, Inc.*, 387 F. Supp. 2d 564, 566 (E.D. Va. 2005).  Such transfer motions are committed to a trial court's discretion and evaluated according to flexible and "individualized, case-by-case considerations of convenience and fairness."  *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

When deciding a motion to transfer venue, the Court must assess two issues: (1) could the Plaintiffs' claims have been brought in the proposed transferee forum; and (2) is the transfer justified when considering the interests of justice and convenience of the parties? *See Koh v. Microtek Int'l Inc.*, 250 F. Supp. 2d 627, 630 (E.D. Va. 2003).

"District courts within this circuit consider four factors when deciding whether to transfer venue: (1) the weight accorded to the plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015). The party seeking transfer bears the burden of proving "that the circumstances of the case are strongly in favor of transfer." *Jones v. Frazier*, No. 1:09cv513, 2009 WL 2601355, at *8 (E.D. Va. Aug. 18, 2009). "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Collins v. Straight, Inc.*, 748 F.2d 916, 921 (4th Cir. 1984) (quoting *Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1946)).

## 1. Plaintiff's choice of forum is entitled to substantial weight and LHC has not overcome the great deference given to this factor.

As a general rule, a plaintiff's "choice of venue is entitled to substantial weight in determining whether transfer is appropriate." *Bd. of Trs. v. Sullivant Ave. Props., LLC*, 508 F. Supp. 2d 473, 477 (E.D. Va. 2007). Defendants urge that this Court accord Plaintiffs' choice of forum *no deference* because: 1) Plaintiff has pled the case as a class action; 2) the operative facts supposedly did not occur in Plaintiffs' chosen forum; and 3) one of the Plaintiffs does not reside in the chosen forum. None of these arguments have merit.

As explained below, the weight afforded to a plaintiffs' choice of forum is (a) heightened in ERISA cases and (b) cases in which the plaintiff chooses their home forum and (c) is still given deference in class action cases where the plaintiffs have filed at home, have a genuine pecuniary interest in the case, filed in a jurisdiction where a substantial number of other potential class members are located, and where the transfer motion comes before a class is certified.

5

(a)      **An ERISA plaintiff's choice of forum is entitled to heightened deference.**

ERISA's extremely broad venue provision, 29 U.S.C. § 1132(e), permits an action to be brought "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." The Fourth Circuit has concluded that "ERISA's liberal venue provision" expresses that "Congress intended in ERISA cases to give a plaintiff's choice of forum somewhat greater weight than would typically be the case" *Trustees of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015). (internal quotation marks omitted). As such, in ERISA cases "Defendants need to make a compelling showing on the remaining factors" to justify transfer. *Id.*; *see also Winnett v. Caterpillar Inc.,* 2006 WL 1722434, at *5 (M.D. Tenn. June 20, 2006) ("plaintiff's choice of venue in this [ERISA] case must be afforded a heightened level of deference, beyond the usual deference afforded plaintiffs under § 1404(a) analysis.").

(b)      **A Plaintiff's choice of forum is entitled to heightened deference when the plaintiff chooses to litigate at home and where operative facts took place**

Deference to the plaintiff's choice of forum is heightened when the plaintiff "has not chosen a foreign forum or one bearing little or no relation to the cause of action." *United States v. Gwinn*, No. CIVA 5:06-CV-00267, 2008 WL 867927, at *18 (S.D.W. Va. Mar. 31, 2008) (citation omitted); *Samsung Elecs. Co., Ltd. v. Rambus, Inc.,* 386 F.Supp.2d 708, 716 (E.D. Va.2005) (plaintiff's choice of forum "accorded less weight" only when it is "*neither* the nucleus of operative facts, *nor* the plaintiff's home forum") (emphasis added).

Here, both Plaintiffs have an interest in conducting the litigation in this forum. Both Plaintiffs lived and worked for LHC in West Virginia, contributed to the Plan in West Virginia, and were damaged by LHC in West Virginia. Kovach and Adkins Decls. ¶¶ 3, 4, 7. Moreover,

6

Contrary to LHC's assertion that Adkins' choice of forum should be given no weight because she lives out of the forum, Adkins worked for LHC in this district and lives in South Point, Ohio a mere 10 minutes from the courthouse.  Adkins Decl. ¶ 2.

Likewise, contrary to LHC's contentions, this forum does have a connection to the claims because the operative facts of Plaintiffs' claims did occur here.  Under ERISA, "the alleged breach is considered to have occurred in the district where the beneficiary receives his benefits." *Schrader v. Trucking Emps. of N. Jersey Welfare Fund, Inc.*, 232 F. Supp. 2d 560, 573 (M.D.N.C. 2002) (collecting cases).  Likewise, an ERISA defendant can be "found" under the ERISA venue state "where an employee performs his work and earns his pension credits." *Varsic v. U.S. Dist. Court for Cent. Dist. of Cal.*, 607 F. 2d 245, 247-50 (reversing order transferring action); *Bostic v. Ohio River Co. (Ohio Div.) Basic Pension Plan*, 517 F. Supp. 627, 635 (S.D.W. Va. 1981) (breach of plan contract did not occur only at site of pension plan administration) (citing *Varsic*).

Plaintiffs have averred that their losses occurred in West Virginia where they worked for LHC and contributed to the Plan and where one of the Plaintiffs is to receive her benefits.  They have chosen to file this litigation at home where the alleged violation of their rights took place and their choice is entitled to deference.

LHC argues that this case is not connected to the forum.  But it relies on cases that do not stand for the position it proffers. In each case LHC cites, *Int'l Union v. Consol Energy, Inc.*, 465 F. Supp. 3d 556, 585 (S.D.W. Va. 2020); *Amalgamated Clothing & Textile Workers Union, etc. v. Federation of Union Representatives,* 664 F. Supp. 995, 997 (S.D.W. Va. 1987); and *Shrewsbury v. Am. Red Cross Mid Atl. Region*, No. 2:18-cv-00531, 2018 U.S. Dist. LEXIS 88162, at *6 (S.D.W. Va. May 25, 2018), the plaintiff did not reside or work in the chosen forum

and for that reason, the operative facts did not occur in the chosen forum.

For instance, in *Int'l Union*, the only party who had been a resident of the forum was no longer a party and the district court concluded, "when the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration." *Int'l Union*, 465 F. Supp. 3d at 585. In *Amalgamated Clothing*, none of the operative facts occurred in the chosen forum and the plaintiff did not reside there. Instead, as the court recognized, "[t]he only reason why this action has been initiated in this district is because the Defendant's president resides here." *Amalgamated Clothing*, 664 F. Supp. at 997. In *Shrewsbury*, neither plaintiff nor defendant resided in the chosen forum and the allegations in the complaint had no connection to the chosen forum whatsoever. The district court thus held, "where the plaintiff's choice of forum is a place where neither the plaintiff nor the defendant resides and where few or none of the events giving rise to the cause of action accrued, that choice weighs less in the Court's consideration." *Shrewsbury*, 2018 U.S. Dist. LEXIS 88162, at *5-6.

Here, where Plaintiffs are at home in the forum and were harmed in the forum where the breach took place and LHC can be found, their choice of venue is entitled to substantial deference.

**(c)      The plaintiff's chosen forum is given deference even in class actions.**

Deference to plaintiff's choice of forum applies even in class actions if the operative facts and/or class representatives have ties to the chosen forum. In *Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627 (E.D. Va. 2006), the Court determined that the plaintiffs' choice of forum was entitled to significant weight and "not materially diminished merely because the case is a class action" because the forum was "home both to the plaintiffs and to key non-party

8

witnesses." *Id.* at 633. *See also Lou v. Belzberg*, 834 F. 2d 730, 739 (9th Cir. 1987) (holding that reduced deference for class plaintiff's venue choice warranted only "[i]f the operative facts have not occurred within the forum and [it] has no interest in the parties or subject matter").

In *Hengle v. Curry*, No. 3:18-CV-100, 2018 WL 3016289, at *9 (E.D. Va. June 15, 2018), the Court declined to transfer the case, indicating that plaintiffs' choice of their home forum "weighed against transfer" even if the weight was slightly diminished because "the parties ha[d] not identified any nonparty witnesses" in the forum.

Further, where the plaintiff has a significant pecuniary interest in the outcome of the case, "plaintiffs will want to be closely involved in the case, and their choice of forum should receive its due weight." *Beres v. Thomson McKinnon Sec., Inc.*, No. 85 CIV. 6674 (SWK), 1987 WL 16977, at *4 (S.D.N.Y. Sept. 10, 1987) (distinguishing between a representative action where plaintiffs had significant money claims and derivative suits where plaintiffs seek a few hundred dollars at most); *Carty v. Health-Chem Corp.*, 567 F. Supp. at 4 (declining to impair putative class plaintiff's right to forum choice because his individual damages were substantial and he was more than a "nominal" or "phantom plaintiff") (distinguishing *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 525 (1947)).

Here too, Plaintiffs are not mere "phantom plaintiff[s] with interest enough to enable [the]m to institute the action and little more." *Koster*, 330 U.S. at 525. Rather, they each aver that they "intend to serve as class representative," "trusted [LHC] to manage the 401k plan in [their] best interests" and that their 401k funds are "very important" to them as "they are [their] primary means of retirement income," and that they are "personally invested in the outcome of this lawsuit." Kovach and Adkins Decls. ¶¶ 1, 4, 5.

9

Other Courts have determined that deference is appropriate to the lead plaintiffs' or proposed class representatives choice of venue because a "lead plaintiff has important responsibilities in managing class actions" and it would be a "financial hardship" to transfer the case from the plaintiffs' home forum which "would compromise lead plaintiffs' ability to attend hearings." *Van Slyke v. Cap. One Bank*, 503 F. Supp. 2d 1353, 1363 (N.D. Cal. 2007). Likewise "even if a nationwide class were certified," the lead plaintiffs "would still bear a fiduciary responsibility to lead the class." *Imran v. Vital Pharms., Inc.*, No. 18-CV-05758-JST, 2019 WL 1509180, at *3 (N.D. Cal. Apr. 5, 2019) (quoting *Van Slyke*, 503 F. Supp. 2d at 1363 (second alteration in original).

Thus, in an ERISA case, the Court maintained deference to the plaintiffs' selection of their home forum even though the case was brought as a class action. *See Reyes v. Bakery and Confectionery Union and Indus. Int'l Pension Fund*, 2015 WL 1738269, at *2-3 (N.D. Cal. Apr. 9, 2015) (granting deference to plaintiff's choice of forum because it was an ERISA case, the class had not yet been certified, the class representative would bear the weight of the litigation responsibilities, and there was no indication that putative class members outside of the forum state would ever have to appear).

None of the three cases LHC cites, *Oeste v. Zynga, Inc.,* No. GLR-2—1566, 2021 U.S. Dist. LEXIS 86162, at *4-5 (D. Md. May 5, 2021); *Guadalupe v. Am. Campus Cmtys. Servs.*, No. 2:15-cv-487, 2016 U.S. Dist. LEXIS 198352, at *12-13 (E.D. Va. Aug. 12, 2016); *James v. Experian Info. Solutions, Inc.*, No. 3:12-cv-902, 2014 WL 29041 (E.D. Va. Jan. 2, 2014) are ERISA cases.

Further, none of the three cases involved a district court transferring venue because the plaintiff had filed the case as a class action and their choice of forum was disregarded or given

10

little weight. In *Oeste,* there was a valid forum selection clause and related class actions pending in the other forum. *Oeste,* at \*5. Similarly, in *Guadalupe*, the plaintiff did not reside in the chosen venue nor did the actions giving rise to the complaint occur there. *Guadalupe,* at \*11. Critically, the *James* court denied the motion to transfer venue, finding all the other factors weighed in plaintiff's favor.

Defendants argue that the class is more concentrated in the 5th Circuit than it is in this venue.  But, Defendants do not present an analysis of actual class members, it only provides state by state information on employees who may or may not be within the class definition.  Where a class has not yet been certified "the pertinent issues as to such treatment have not been fully or properly presented," so there is no way to determine whether there are absent class members who will factor into the case.  *Carty v. Health-Chem Corp.*, 567 F. Supp. 1, 3-4 (E.D. Pa. 1982).  Moreover, it is rare in opt-out class actions that other plaintiffs choose to intervene and appear on their own behalf so the presence of absent putative class members in Louisiana is not dispositive.

Beyond that, West Virginia and this Circuit have significant ties to the class.  There are over 500 LHC employees in West Virginia and 2680 employees in the Fourth Circuit, representing nearly 9.5% of the total class.  *See* Macip Decl. Ex. 2.  A venue in a class action is convenient even if it is not the number one forum for potential class members.  *See Solomon v. Am. Web Loan*, 375 F. Supp. 3d 638, 665 (E.D. Va. 2019) (declining to transfer class action where in one relevant year, "Virginia residents made up 3.42% of [defendant's] entire loan portfolio and was the 11th highest ranked state among states where [defendant] offered loans").

Finally, even if Plaintiffs choice of forum is not entitled to the highest possible level of deference because they bring a class case, Plaintiffs have substantiated the inconvenience of transfer, the legitimate connection of this action to this forum, and their desire to remain in this

11

forum. Defendants have not met their burden to establish that the other factors cut in their favor, so transfer is inappropriate. *See Gibbs v. Stinson*, 421 F. Supp. 3d 267, 288–89 (E.D. Va. 2019) (denying transfer where "Plaintiffs, all of whom reside in Virginia, each filed declarations giving credible reasons detailing the inconvenience and expense that transfer to the Texas Court would produce" and defendants had "not sufficiently established that requiring them to proceed in this venue would be inconvenient") *aff'd sub nom. on other grounds Gibbs v. Sequoia Cap. Operations, LLC*, 966 F.3d 286 (4th Cir. 2020).

Accordingly, LHC's cursory treatment of the class action topic, citing non-ERISA cases decided on other bases, is insufficient to meet its burden of showing that Plaintiffs' choice of forum should be *no deference* simply because the Complaint contains class action allegations.

**2. LHC has not met its burden of showing that the convenience of the parties weighs in favor of transfer to Louisiana.**

LHC summarily concludes that the convenience of parties weighs in favor of transferring the case to the Western District of Louisiana, but it makes no effort to show that this factor weighs in its favor. LHC's "own personal convenience does not justify a transfer of venue." *Famous Music, LLC v. Stellar Records, Inc.*, 2007 U.S. Dist. LEXIS 98984 at *23 (M.D. Tenn. Sept. 28, 2007).

Rather "'a real showing of convenience by a plaintiff who has sued in his home forum will normally outweigh the inconvenience the defendant may have shown.'" *Cassi v. Sharper Image Corp.*, No. CV AW-05-1576, 2006 WL 8457101, at *4 (D. Md. Jan. 10, 2006) (quoting *Koster*, 330 U.S. at 524. Thus "when Plaintiff files suit in its home forum, convenience to parties rarely, if ever, operates to justify transfer" because "[i]n such cases, transfer would likely serve only to shift the balance of inconvenience from Defendant to Plaintiff." *Bd. of Trustees v.*

12

*Sullivant Ave. Properties, LLC*, 508 F. Supp. 2d 473, 478 (E.D. Va. 2007) (internal citation and quotation marks omitted).

Simply "shifting" one party's inconvenience to the other party does not support a transfer of venue. *See Taltwell, LLC v. Zonet USA Corp.*, 2007 U.S. Dist. LEXIS 93465, at *35 (E.D. Va. Dec. 20, 2007) (citing *E. Coast Res. LLC v. Hempstead*, 2007 U.S. Dist. LEXIS 51285, at *8 (E.D. Va. Jul 16, 2007) (citing *JTH Tax, Inc. v Lee*, 482 F. Supp.2d 731, 736 (E.D. Va. 2007); *Bd. of Trs. v. Sullivant Ave. Props., LLC*, 508 F. Supp. 2d 473, 478 (E.D. Va. 2007)).

Both plaintiffs have *indicated* that it would be a "significant financial burden" on them to be forced to attend trial in Louisiana and that they prefer to maintain this venue. Kovach and Adkins Decls. ¶ 6.

By contrast, LHC does little to establish the burden it would face litigating in this forum. LHC is registered to do business in West Virginia, and it indicates that its registered agent is in nearby Charleston. (Humphrey Decl. Ex. A). Its website lists 17 locations in West Virginia.[1] LHC offers no "evidence suggesting that they would be financially incapable of defending suit in [West] Virginia." *Bd. of Trustees v. Sullivant Ave. Properties, LLC*, 508 F. Supp. 2d 473, 478–79 (E.D. Va. 2007); *Bd. of Trustees, Sheet Metal Workers' Nat. Pension Fund v. Boeser, Inc.*, No. 1:14CV1458 JCC/TC, 2015 WL 402992, at *5 (E.D. Va. Jan. 28, 2015) (transfer not favored even though "Defendants' cost of litigation will be higher in Virginia as opposed to Minnesota" because "Defendants have not sufficiently demonstrated that litigating here will be an extreme financial burden.") (citation omitted).

Indeed, LHC, is a corporation with national scope (*see* Macip Decl. Ex. 2). It was recently acquired in a $5.4 billion sale (*see* Humphrey Decl. Ex. B) and is ultimately owned by

---

[1] lchgroup.com/locations/# Last accessed April 18, 2023.

UnitedHealth (see Doc. No. 24 (LHC's corporate disclosure statement)).  It is substantially better equipped to litigate in this forum than the individual plaintiffs are to litigate in a foreign jurisdiction.  *See Lanier Bus. Prod. v. Graymar Co.*, 355 F. Supp. 524, 528 (D. Md. 1973) (holding that company that is part of "a multimillion dollar national corporate family" does not "bear[] a disproportionate burden by defending against . . . a comparatively small [company] in the latter's state of residence"); *Graphics Properties Holdings Inc. v. Asus Computer International, Inc.*, 964 F. Supp. 2d 320, 325 (D. Del. 2013) ("When transfer is sought by a defendant with operations on a national or international scale, that defendant must prove that litigating in [a forum] would pose a unique or unusual burden on [its] operations.").

LHC has not met its burden to show that there are any witnesses that would be materially inconvenienced by making an appearance in a West Virginia forum. "The party asserting witness inconvenience has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience." *See Koh Microtek Int'l, Inc.*, 250 F.Supp.2d 627, 636 (E.D. Va. 2003) (citing *Corry v. CFM Majestic, Inc.*, 16 F. Supp. 2d 660, 667 n.16 (E.D. Va. 1998).  Indeed, this information is "typically submitted in affidavit form" and is "necessary to enable the court to ascertain how much weight to give a claim of inconvenience." *Bd. Tr. V. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1258 (E.D. Va. 1988). "The party seeking the transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover . . . If a party has merely made a general allegation that the witnesses will be necessary, without identifying them and indicating what the testimony will be, the application for transfer will be denied." *Reynolds v. Arowood*, 2007 U.S. Dist. LEXIS 61785, *5-6 (M.D. Tenn. 2007); *Peacock v. PACE Int'l Union Pension Fund Plan*, 2007

14

U.S. Dist. LEXIS 62471 at *30 (M.D. Tenn., Aug. 23, 2007) (quoting same); *Famous Music*, 2007 U.S. Dist. LEXIS 98984 at *23-24 (same).

In the declaration submitted along with its motion, LHC indicates that the Plan committee members live in the Western District of Louisiana but has not met its burden as to these witnesses because the declarant does not aver as to what the witnesses' testimony will be or what burden they will face if this case is not transferred.  Moreover, party witnesses, "are presumed to be more willing to testify in a different forum." *Samsung*, 386 F.Supp.2d at 718–19 (quotation omitted).  LHC has not presented evidence that its employee witnesses "would not travel to this district to testify, if [it] requested them to do so and paid their expenses."  *Id.* at 719.  *See also Cassi v. Sharper Image Corp.*, No. CV AW-05-1576, 2006 WL 8457101, at *4 (D. Md. Jan. 10, 2006) ("Defendant has not averred that these witnesses [its employees and agents] would be unable to testify in Maryland.").

LHC argues that Plaintiffs depositions can be taken remotely, but that argument cuts both ways. Just as Plaintiffs could be less inconvenienced by attending a remote deposition, so too would LHC and the individually named Defendants mitigate any inconvenience if venue is not changed by simply requesting a remote deposition or asking that Plaintiffs' counsel travel to them for any in-person deposition. Indeed, LHC has failed to prove that in-person testimony would be needed from any witnesses. See *Board of Trustees v. Baylor Heating*, 702 F. Supp. 1253, 1258 (E.D.VA, Dec. 29, 1988) ("[w]here witness credibility is not an issue, the use of depositions is an acceptable means of lessening the importance of witness inconvenience as a factor in the transfer equation."); *Acterna LLC v Adtech Inc.*, 129 F. Supp. 2d 936, 939 (E.D. Va. 2001) (noting that plaintiff failed to explain why *de bene esse* depositions of nonparty witnesses

15

outside the subpoena power would be inadequate at trial and why plaintiff would need their live testimony).

Finally, though LHC argues that the documents in this case are stored in hardcopy and digitally in Louisiana, "[a] general allegation that transfer is needed because of books and records" is not enough to warrant transfer. *Reynolds v. Arowood*, 2007 U.S. Dist. LEXIS 61785, *6 (M.D. Tenn., Aug. 21, 2007). In addition, courts often do not give substantial weight to this factor because records can be shipped easily, electronically transferred, "or even downloaded to flash drives or other media." *Ginter v. Whirlpool Corp.*, 2008 U.S. Dist. LEXIS 109497, *3 (W.D. Mich. 2008); *Winnet*, 2006 U.S. Dist. LEXIS 95973 at *17-18. With technological advances in document storage and retrieval, transporting documents does not generally create a burden. *Vitria Tech. Inc. v. Cincinnati Ins. Co.*, 2005 U.S. Dist. LEXIS 44480, 2005 WL 2431192, *3 (N.D. Cal. 2005); *ADE Corp.*, 138 F. Supp. 2d 565 at 571 (D. Del. 2001) ("the burden of gathering and transmitting documents 3,000 miles is probably not significantly more than it is to transport them 30 miles").

As such, this factor does not weigh in LHC's favor.

### 3. LHC has not met its burden of showing that the convenience of witnesses weighs in favor of transfer to Louisiana.

Further, more weight is given to the convenience of non-party witnesses than to party witnesses. *Koh*, 250 F. Supp. 2d at 636-37; *see also Samsung*, 386 F. Supp. 2d at 718. But, where a party fails to articulate the actual burden to non-party witnesses of proceeding in the forum, including whether it will be difficult to compel their attendance at trial, the convenience of witnesses factor does not favor transfer. *United Bankshares, Inc. v. St. Paul Mercury Ins. Co.*, No. 6:10-CV-00188, 2010 WL 4630212, at *12 (S.D.W. Va. Nov. 4, 2010) (noting that court

16

could not weigh burden of obtaining witness attendance because moving defendant failed to prove "the cost of obtaining the attendance of witnesses" or "the extent that compulsory process will be necessary to obtain relevant witness testimony"); *Prod. Grp. Int'l, Inc. v. Goldman*, 337 F. Supp. 2d 788, 800 (E.D. Va. 2004) ("defendant's failure to produce any evidence of inconvenience to non-party witnesses weighs against transfer").

Here, LHC has made no factual showing that any non-party witnesses reside in Louisiana.  In fact, there is a substantial likelihood that many non-party witnesses would live closer to this forum than to the Western District of Louisiana and outside the Court's subpoena power in both fora.  As Plaintiffs alleged in their Complaint, relevant non-party entities that LHC contracted with to provide Plan services are Alliant Retirement Services, Transamerica Retirement Solutions, and Voya Institutional Plan Services.  Complaint ¶¶ 27-29.  The relevant Voya entity gave its Connecticut address in the Plan document (Macip Decl. Ex. 1 at 131). Transamerica has locations in Iowa, Delaware, and New York.  (Humphrey Decl. Ex. C). Alliant's principal office is in Alpharetta, Georgia and it has no offices in Louisiana.  (*Id*. Ex. D)

Finally, as discussed above, there is no indication that any absent class members will be necessary witnesses in this case.

As LHC has made no showing regarding the burden on non-party witnesses, this factor weighs against transfer.

**4.  LHC has not met its burden of showing that the interests of justice weigh in favor of transfer to Louisiana.**

The final factor in the transfer analysis is the interest of justice.  "The interest of justice encompasses public interest factors aimed at 'systemic integrity and fairness.'" *Samsung*, 386 F.Supp.2d at 721 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988).

17

The most important considerations of systematic integrity are "judicial economy and the avoidance of inconsistent judgments." *Byerson*, 467 F. Supp. 2d at 635 (citing *Samsung*, 386 F.Supp.2d at 721). "Fairness is assessed by considering docket congestion, interest in having local controversies decided at home, knowledge of applicable law, unfairness in burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law." *Byerson*, 467 F.Supp.2d at 635 (citing *Samsung*, 386 F.Supp.2d at 721 n.16).

LHC contends that there are four subfactors that are considered under the public interest factor, including: (1) ease of access to sources of proof; (2) the cost of obtaining the attendance of witnesses; (3) the availability of compulsory process; and (4) the interest in having local controversies decided at home. LHC cites *P.M. Enterprises v. Color Works*, 946 F. Supp. 435, 440 (S.D.W. Va. 1996) as setting forth these four sub factors under the public interest factor, but this analysis is incorrect. Instead, *P.M. Enterprises* listed seven total factors and did not analyze the public interest factor at all. *Id*. at 440.

Plaintiffs address three of LHC's factors (access to proof, cost of obtaining attendance of witnesses and availability of compulsory process) above. As for deciding local controversies "at home," West Virginia is Plaintiffs' home just as much as Louisiana is Defendants' home and West Virginia has an interest in protecting its residents from wrongdoers residing out of state.

There is no risk of competing actions and inconsistent judgment here that would counsel for transfer as this is the only case pending against LHC regarding the Plan.

With respect to knowledge of applicable law, this factor is neutral as "[a]ll federal courts handle ERISA cases." *Cargill Inc. v. Prudential Ins. Co. of Am.*, 920 F. Supp. 144, 148 (D. Colo. 1996).

18

Public interest typically favors keeping a case in the district unless there is significant "court congestion" that favors transfer.  *Speed Trac Techs., Inc. v. Estes Express Lines, Inc.*, 567 F. Supp. 2d 799, 805 (M.D.N.C. 2008).  Here, recent statistics show the Western District of Louisiana is more congested than the Southern District of West Virginia.[2]  Judges in the Western District of Louisiana have hundreds more pending cases as do judges in the Southern District of West Virginia (713 pending civil actions per judgeship in the Western District of Louisiana compared to 455 in the Southern District of West Virginia).  *Casana Furniture Co. v. Coaster Co. of Am.*, No. 1:08CV744, 2009 WL 783399, at *4 (M.D.N.C. Mar. 24, 2009) ("the number of pending cases per judge in the Middle District of North Carolina is significantly lower than that in the Central District of California. These statistics support denying transfer and maintaining the case in the Middle District of North Carolina.) (Record citation omitted).

LHC failed to analyze relevant public interest considerations and thus did not meet its burden of showing the public interest factor weighs in its favor.  Since LHC has the burden and presented no proof, this factor must weigh in Plaintiffs' favor or at least remain neutral and LHC's motion should be denied.  *See Steadfast Ins. Co. v. Berkley Nat'l Ins. Co.*, No. 2:15-CV-09203, 2015 WL 9284859, at *3 (S.D.W. Va. Dec. 18, 2015) (denying transfer motion because defendants had not met their burden because they "d[id] not present evidence that that the traditional § 1404(a) factors weigh[ed] in their favor"); *James*, 2014 WL 29041, at *5 ("Experian has not addressed the pertinent factors respecting the public interest analysis" thus "the Court cannot find that . . . the interest of justice augurs in favor of transfer.").

---

[2] United States Courts, U.S. District Court–Judicial Caseload Profile for the Southern District of West Virginia and the Western District of Louisiana, https://www.uscourts.gov/sites/default/files/fcms_na_distprofile0630.2022_0.pdf

19

### III.    CONCLUSION

For the foregoing reasons, Plaintiffs Glenda Kovach and Amy Adkins respectfully request this Court deny Defendants' motion to transfer venue to the Western District of Louisiana.

Dated: April 18, 2023

**LAW OFFICE OF KENNETH STARCHER
CHRISTINA HUMPHREY LAW, P.C.
TOWER LEGAL GROUP, P.C.**

By:    */s/ Kenneth R. Starcher*
Kenneth R. Starcher (WVSB #10174)
**LAW OFFICE OF KENNETH STARCHER**
723 Kanawha Blvd E, Ste 200
Charleston, WV  25301
Telephone: (304) 541-9120
Email: krstarcher2@gmail.com

Christina A. Humphrey (*Pro Hac Vice*)
Robert N. Fisher (*Pro Hac Vice*)
**CHRISTINA HUMPHREY LAW, P.C.**
1117 State Street
Santa Barbara, CA 93101
Telephone: (805) 618-2924
Facsimile: (805) 618-2939
Email: christina@chumphreylaw.com
Email: rob@chumphrelaw.com

James A. Clark (*Pro Hac Vice*)
Renee P. Ortega (*Pro Hac Vice*)
**TOWER LEGAL GROUP, P.C.**
11335 Gold Express Drive, Ste. 105
Sacramento, CA 95670
Telephone: (916) 361-6009
Facsimile: (916) 361-6019
Email: james.clark@towerlegalgroup.com
Email: renee.ortega@towerlegalgroup.com

20