IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

| | |
|---|---|
| GLENDA KOVACH and AMY ADKINS, individually and as a representative of a Putative Class of Participants and Beneficiaries, on behalf of the LHC GROUP 401(k) Plan,<br><br>Plaintiffs,<br><br>v.<br><br>LHC GROUP INC., LHC GROUP 401(k) COMMITTEE, MARCUS MACIP, JOSH PROFFITT, CHRIS GILL, KIMBERLY SEYMORE, and DOES 1 through 10,<br><br>Defendants. | CASE NO. 3:23-cv-0051<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR STAY** |

## INTRODUCTION

Defendants LHC Group, Inc. ("LHC"), LHC Group 401(k) Committee (the "Committee"), Marcus Macip, Josh Proffitt, Chris Gill, Kimberly Seymour (collectively, "Defendants") seek to stay this ERISA action filed by Plaintiffs Glenda Kovach and Amy Adkins (collectively, "Plaintiffs") pending the outcome of their Motion to Transfer Venue to the Western District of Louisiana. The only specific reason Defendants offer for the stay is that the Fourth Circuit would deny a motion to dismiss the claims in the ERISA Complaint, while the Fifth Circuit would potentially grant such a motion. Defendants have thus revealed that the basis for their motion and the sequencing of their motions is to forum shop, as opposed to the claim of inconvenient forum Defendants argue in their transfer motion. Defendants Motion to Transfer Venue under 28 U.S.C. §1404(a) is not a responsive pleading. Defendants have not filed a

proper responsive pleading and have not even asked for expedited or retroactive relief in their Motion to Stay. They should be directed to file a responsive pleading and their motion should be denied.

## LEGAL DISCUSSION

### A.  Defendants are in default and must respond to the Complaint.

Defendants have made a procedural error in filing a motion to transfer venue without timely responding to Plaintiffs' Complaint. They essentially admit in this motion for stay that they deliberately did so to forum shop their responsive pleading, which apparently will be a motion to dismiss. In so doing, they missed the deadline to respond to Plaintiffs' Complaint and are now in default.

Notably, Defendants did not move for change of venue under Federal Rule of Civil Procedure 12(b)(3) and there are no grounds to do so. As such, they needed to file a responsive pleading before moving to transfer venue. *See Hall v. Miller's Health Sys.*, 2012 WL 4713925 (N.D. Ill. June 12, 2012). Instead, the motion for change of venue was made pursuant to 28 U.S.C. § 1404, requesting that the case be transferred from the Southern District of West Virginia to the Western District of Louisiana for the convenience of the parties and witnesses. As such, the motion to transfer does not fall under a motion to dismiss for improper venue, as listed in Rule 12(b)(3). *Id.* at *2 (citing *Carter v. Clark Material Handling Co.*, No. 97 C 4424, 1998 WL 89244, at *2 (N. D. Ill. Feb. 17, 1998) (holding that, "[r]ules 12(b)(3) and 12(h) address motions to dismiss for improper venue, not motions to transfer under § 1404(a)"); *Nichols v. Vilsack*, 183 F. Supp. 3d 39, 42 (D.D.C. 2016) ("Unlike a motion to dismiss for improper venue under Rule 12(b)(3), a motion to transfer venue under Section 1404(a) is not a 'defense' that must be raised by pre-answer motion or responsive pleading.") (quoting 14D Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3829 (4th ed.)).

Accordingly, the district court in *Hall* concluded that the defendant was required to file a timely responsive pleading prior to moving to transfer venue under Section 1404(a) but failed to

do so and the Court took the motion for default judgment under advisement pending the defendant's filing of an answer or other responsive pleading so it could properly evaluate whether to set aside the default. *Hall,* 2012 WL 4713925, at *2. *See also Kimbler v. Spear*, No. 1:16CV00047, 2017 WL 1337276, at *3 (W.D. Va. Apr. 11, 2017) (requiring defendant to file an answer despite pending summary judgment motion).

**B.    Defendants have not established clear and convincing circumstances that requiring them to engage in this litigation will outweigh the harm of further delay to Plaintiffs.**

Plaintiffs are and continue to be prejudiced by Defendants gamesmanship and failure to first appear and answer for which LHC Group, Inc. and the Committee were put in default sua sponte by the Court and now by Defendants failure to file a responsive pleading.

"The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). "[A] non-moving party can suffer prejudice when a stay is reasonably expected to cause a significant delay in proceedings." *Willard Bays v. Walmart Inc.*, No. CV 3:21-0460, 2022 WL 193729, at *2 (S.D.W. Va. Jan. 20, 2022) (citing *Sehler v. Prospect Mortgage*), No. 1:13-CV-473, 2013 WL 5184216, at *3 (E.D. Va. Sept. 16, 2013) (finding a potential delay of four to six months to be "significant" and therefore prejudicial to the non-moving party).

Here, Plaintiffs filed the Complaint on January 20, 2023. They served LHC and the Committee back on February 3, 2023. (Doc. Nos. 8, 9). LHC and the Committee were placed in default by the clerk on March 1, 2023. (Doc. Nos. 10, 11). As part of LHC and the Committees efforts to set aside the default, Plaintiffs filed a joint motion with Defendants to extend their deadline to file a responsive pleading to April 4, 2023. (Doc. No. 12). Now, instead of filing a responsive pleading, LHC seeks to further delay. Plaintiffs should be permitted to pursue their claims and Defendants should not be permitted to further delay resolution of this action on the merits.

**CONCLUSION**

For the foregoing reasons, Plaintiffs Glenda Kovach and Amy Adkins respectfully request this Court deny Defendants' Motion to Stay.

                                  Respectfully submitted,

Dated: April 18, 2023           **LAW OFFICE OF KENNETH STARCHER**
                                     **CHRISTINA HUMPHREY LAW, P.C.**
                                     **TOWER LEGAL GROUP, P.C.**

                                  By:    */s/ Kenneth R. Starcher*
                                              Kenneth R. Starcher (WVSB #10174)
                                              **LAW OFFICE OF KENNETH STARCHER**
                                              723 Kanawha Blvd E, Ste 200
                                              Charleston, WV  25301
                                              Telephone: (304) 541-9120
                                              Email: krstarcher2@gmail.com

                                              Christina A. Humphrey (*Pro Hac Vice*)
                                              Robert N. Fisher (*Pro Hac Vice*)
                                              **CHRISTINA HUMPHREY LAW, P.C.**
                                              1117 State Street
                                              Santa Barbara, CA 93101
                                              Telephone: (805) 618-2924
                                              Facsimile: (805) 618-2939
                                              Email: christina@chumphreylaw.com
                                              Email: rob@chumphrelaw.com

                                              James A. Clark (*Pro Hac Vice*)
                                              Renee P. Ortega (*Pro Hac Vice*)
                                              **TOWER LEGAL GROUP, P.C.**
                                              11335 Gold Express Drive, Ste. 105
                                              Sacramento, CA 95670
                                              Telephone: (916) 361-6009
                                              Facsimile: (916) 361-6019
                                              Email: james.clark@towerlegalgroup.com
                                              Email: renee.ortega@towerlegalgroup.com