IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

GLENDA KOVACH and
AMY ADKINS, individually and as representatives
of a Putative Class of Participants and Beneficiaries,
on behalf of the LHC GROUP 401(K) PLAN,

           Plaintiffs,

v.                                                         CIVIL ACTION NO. 3:23-cv-0051

LHC GROUP, INC.,
LHC GROUP 401(K) COMMITTEE,
MARCUS MACIP,
JOSH PROFFITT,
CHRIS GILL,
KIMBERLY SEYMOUR, and
DOES 1 through 10,

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)**

Defendants LHC Group, Inc. ("LHC"), LHC Group 401(k) Committee ("Committee"), Marcus Macip, Josh Proffitt, Chris Gill, Kimberly Seymour, and Does 1 through 10 ("Individual Defendants") (collectively, "Defendants"), through undersigned counsel, respectfully submit this Reply Memorandum of Law in Support of their Motion to Transfer Venue to the United States District Court for the Western District of Louisiana under 28 U.S.C. § 1404(a) ("§ 1404(a)") ("Transfer Motion").

**INTRODUCTION**

Plaintiffs' Response to Defendants' Transfer Motion overcomplicates a straightforward analysis. Plaintiffs allege, on behalf of a putative class of participants in the LHC Group 401(k) Plan ("Plan"), that the Defendants breached their duties of prudence and loyalty under the Employee

1

Retirement Income Security Act of 1974 ("ERISA") in the monitoring of certain fees and investments associated with the Plan. Those alleged breaches center entirely on the Plan fiduciaries' decisions and actions, all of which were made and occurred in the Western District of Louisiana. Anchoring the litigation in Louisiana, where the key witnesses and highest concentration of potential class members reside, and where the operative facts occurred, has the benefit of convenience and of neutralizing Plaintiffs' attempted forum shopping. That the Named Plaintiffs previously worked in one of Defendants' West Virginia facilities and one of the two Named Plaintiffs currently lives in West Virginia does not outweigh the injustice and inconvenience of litigating this matter in this district.

### A. This Matter Should Be Litigated in Louisiana

The parties do not dispute that the factors that courts consider when deciding whether to transfer venue pursuant to § 1404(a) are: "(1) the weight accorded to the plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." Dkt. 27 at 5; Dkt. 23 at 3-4. The parties also generally agree that the fourth "interest of justice" factor involves consideration of several non-dispositive sub-factors, including public interest considerations, like the interest in deciding local controversies at home, and judicial economy considerations, like the risk of inconsistent judgments, compulsory process issues, etc. Dkt. 27 at 18; Dkt. 23 at 3-4, 7.

In their analysis, however, Plaintiffs lose the big picture. The overarching goal of the transfer factors is to balance the interests of the parties, the court, the witnesses, and the public. *Newman v. Energy, L.P.*, No. SAG-21-02446, 2023 U.S. Dist. LEXIS 64833, at *4-5 (D. Md. Apr. 12, 2023). When considering the balance of factors holistically, without overweighting certain considerations or overstating facts to fit an end-goal, as Plaintiffs do, Louisiana is the better forum.

### 1. Plaintiffs' Chosen Forum Is Entitled to Less Weight When There Are Class Claims and the Operative Facts Occurred in the Transfer District.

*First*, Plaintiffs assign disproportionate weight to the Named Plaintiffs' preferred forum, discounting entirely the diluted impact of Plaintiffs' choice where there are nationwide class claims *and the operative facts occurred in Louisiana*. *See*, *e.g.*, Dkt. 27 at 6 (citing *Lou v. Belzbeg* without distinguishing that the operative facts did not occur in the transfer district). Plaintiffs' alleged breaches are focused completely on the decisions that the Committee made, thus the operative facts are the Committee's decisions and deliberations – all of which occurred in Louisiana where the Committee met and administered the Plan. That Plaintiffs worked in a West Virginia location (1 of 37 states that LHC operates in) is irrelevant; this is not a traditional employment dispute where the operative facts occurred in the workplace. And Plaintiffs are wrong that, in ERISA fiduciary breach cases, the breach is considered to have occurred in the district where benefits are received. Dkt. 27 at 7. Plaintiffs' cited cases apply to ERISA benefit claims wherein the plaintiffs alleged a breach of plan terms that deprived plaintiffs of benefits owed to them – not a breach of fiduciary duty. *Wright v. Elton Corp.*, Civil Action No. RDB-16-329, 2017 U.S. Dist. LEXIS 38482, at *10 (D. Md. Mar. 17, 2017) (explaining that, unlike in claims for benefits owed, a breach of fiduciary duty occurs "where defendants acted or failed to act as their duties required"). Defendants dispute that there was any breach at all, but to the extent Plaintiffs allege a breach, they allege one that could only have occurred in the Western District of Louisiana.

Critically, ERISA's broad venue provisions that Plaintiffs point to supply four potential venues: (1) where the plan is administered, (2) where the alleged breach of ERISA took place, (3) where a defendant resides or (4) where a defendant may be found. 29 U.S.C. § 1132(e). The first three options would place this suit in Louisiana because the Plan is administered in Louisiana, the

challenged decisions were made in Louisiana, and LHC and the Individual Defendants reside in Louisiana. The fourth venue option would place the suit in Louisiana for all but the corporate defendant, LHC Group Inc., which can be found in Louisiana, West Virginia, or 35 other states. When all signs but one point exclusively to Louisiana as the proper forum, the benefits of a transfer cannot be ignored.

*Second*, contrary to *Byerson* (cited by Plaintiffs), where the court denied a transfer because the chosen forum was home to the named plaintiffs *and* key non-party witnesses (Dkt. 27 at 8-9), there are no key non-party witnesses in West Virginia for this matter (*id.* at 17). In fact, there are no key witnesses in West Virginia at all – party or non-party. Named plaintiffs play a marginal role in this type of class action. Their involvement is typically limited to nominal written and document discovery (verifying a limited number of interrogatories and providing any Plan-related documents they have retained and some financial account statements),[1] a half day deposition that, as discussed, is conducted remotely, and trial testimony if the matter reaches trial. Named plaintiffs rarely appear at court hearings and, if they do, they do not play a substantive role. In fact, the Named Plaintiffs here have little more interest in attending court proceedings than do the absent class members. Allowing the courts in Louisiana to resolve this matter will allow for attendance of many more interested class members given the concentration of employees near LHC's headquarters. *See* Dkt. 22-3.

*Third*, the Named Plaintiffs overstate their pecuniary stake in the case and concomitant interest in its resolution. True, they have an interest in their retirement savings, but the potential recovery in these cases on a per participant basis is extremely low. For example, in a recent

---

[1] Given that Plaintiffs' counsel resides in California, Defendants assume, based on their experience in these cases, this would all be done remotely regardless of the case's venue.

settlement negotiated by Plaintiffs' counsel, 5700 class members[2] will share in approximately $323,000, less the cost of administering the settlement.[3] The actual recovery for each participant depends on their account balance and can be as little as a few dollars if the plan participant had a low balance; even if divided equally, each class member's recovery is about $57, not including deductions for settlement administration. And, again, each absent class member, the plurality of whom live in and around Louisiana, have the same interest and stake in the litigation.

   2. **West Virginia Is Convenient Only for the Named Plaintiffs and Not Any Other Party, Witness, Absent Class Member, or Counsel.**

Transferring this matter to Louisiana is not simply a shifting of equal burdens among the parties. As discussed, the Named Plaintiffs might have to travel to Louisiana one time – for trial – if a trial even occurs. They simply are not key witnesses in this case. *See Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 636 (E.D. Va. 2003) (less weight is afforded to the convenience of witnesses whose testimony is not central to the claims).

Defendants, on the other hand, are the key witnesses, and they all live in the Western District of Louisiana.[4] The burden and inefficiencies of requiring the key witnesses to engage in litigation in a foreign forum, paired with the other factors in the analysis discussed herein, supports transfer to Louisiana.[5] *Cf. Branch Banking & Tr. Co. v. ServisFirst Bank,* No. 2:19-CV-00366, 2019 WL 7165980, at *15 (S.D.W. Va. Dec. 20, 2019) (distinguishable case cited by Plaintiffs

---

[2] *See* Memorandum of Points and Authorities in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("*Aquino* Settlement Motion"), *Aquino v. 99 Cents Only Stores LLC*, No. 22-cv-01966-SPG-AFM, Dkt. No. 67-1 at 3 (C.D. Cal. April 19, 2023) (noting that the class has approximately 5700 members).
[3] The gross settlement amount is $750,000. *Aquino* Settlement Motion, No. 22-cv-01966-SPG-AFM, Dkt. No. 67-1 at 2. From that amount, Plaintiffs' counsel is seeking up to $250,000 in fees, $82,000 in costs, and up to $70,000 in incentive awards for the seven named plaintiffs. *Id.* The independent fiduciary fees (up to $25,000) and settlement administrator fees must also be paid from the gross settlement amount prior to allocating it to the class. Exhibit 1 to *Aquino* Settlement Motion, Dkt. 67-3, at § 1.29, 1.31.
[4] Potential non-party witnesses, such as representatives of the Plan's recordkeepers and investment consultant, reside in neither Louisiana nor West Virginia and are therefore not a material factor in this analysis. Dkt. 27 at 17.
[5] The parties need not submit affidavits detailing the potential witnesses and testimony as the Court can reasonably infer from the fact that the Defendants whose decisions are challenged live and work in Louisiana and the key testimony will come from witnesses in Louisiana. *Koh.*, 250 F. Supp. 2d at 636-37.

where the court discounted the convenience of the parties when some of the operative acts occurred in the original forum *and* there were specific concerns with account freezes in the jurisdiction) (cited in Dkt. 27 at 4).

### 3. Transfer to Louisiana Neutralizes Forum Shopping and Thus Promotes the Interest of Justice

The "interest of justice" or "public interest" factor is a catch all for any considerations not bearing on witness or party convenience. *Newman*, 2023 U.S. Dist. LEXIS 64833, at *9. The public interest in neutralizing forum shopping is the most important factor in the analysis for this specific matter. But let us speak plainly: Here, it is Plaintiffs who have engaged in forum shopping, not Defendants. Plaintiffs across the country have filed hundreds of similar class action lawsuits involving ERISA retirement plans. The pleading standard applicable to the claims has been an especially contentious issue, splitting the district courts, multiple circuit courts, and having already been reviewed once by the U.S. Supreme Court. Plaintiffs seek to exploit the varying standards across federal circuits, selecting the forum they deem most favorable based on the circuit's guidance (or lack thereof), rather than the forum that is most appropriate based on the operative facts, location of witnesses, and other relevant factors.

Ms. Adams and Ms. Kovach as named plaintiffs for this matter are a case in point. Ms. Adams lives in Ohio. Granted, she appears to live just over the West Virginia state line, Dkt. 27 at 6-7, but her Ohio residency is critical. Plaintiffs easily could have filed suit in Ms. Adams' home state of Ohio, where LHC employs three times as many employees as they do in West Virginia,[6] but their claims would have faced serious hurdles from day one under the Sixth Circuit's more

---

[6] Plaintiffs admit that "1800+" class members reside in Ohio. Dkt. 27 at 1. Similarly, since these are lawyer-driven suits typically instituted by targeted advertising, Plaintiffs' counsel could have targeted any number of jurisdictions.

developed pleading standards applicable in Ohio courts.[7] To circumvent that, Plaintiffs filed in the Fourth Circuit, which has not provided as much guidance in this area.

Accordingly, the course of action that best serves to protect the interests of justice is to neutralize this tension and litigate the case in the judicial district where the breach and operative facts occurred, the key witnesses live and work, and the most potential class members reside – which is in the Western District of Louisiana.

### B. Plaintiffs' Allegations of Procedural Defects Are Misplaced and Incorrect

As a sideshow, Plaintiffs point out that Defendants' Transfer Motion is not a responsive pleading. Plaintiffs' observation is irrelevant to the resolution of the Transfer Motion.[8] That said, as more fully explained in Defendants' parallel Motion to Stay Litigation and reply memorandum filed in support, because the threshold issue of determining where litigation will proceed has a material impact on the case – including but not limited to the appropriate standards for resolving Rule 12 motions – seeking to transfer venue prior to filing responsive pleadings is both appropriate and necessary. Dkt. 26.[9]

### CONCLUSION

In the interests of justice, and for the convenience of the parties and witnesses, this Court should transfer this claim to the United States District Court for the Western District of Louisiana under 28 U.S.C. § 1404(a).

---

[7] *See Smith v. CommonSpirit Health*, 37 F.4th 1160 (6th Cir. 2022) (affirming dismissal of claims challenging the investment performance and fees and management fees associated with a 401(k) retirement plan where plaintiffs' complaint lacked adequate comparators from which to draw an inference of a breach); *Forman v. TriHealth, Inc.*, 40 F.4th 443 (6th Cir. 2022) (in a similar case, citing *Smith* and affirming dismissal of all but one claim).

[8] Plaintiffs' discussion of the initial entry of default, which has since been set aside, is also irrelevant. There is no gamesmanship here. Defendants, through no fault of their own, did not receive the copy of the complaint alleged to be served on it. Defendants acted swiftly upon learning of the issue and promptly filed the Transfer Motion. Even had the initial default had not occurred, Defendants would have first filed a motion to transfer venue.

[9] Defendants' Reply Memorandum in Support of their Motion to Stay Proceedings Pending Resolution of Defendants' Transfer Motion also expands on this argument and is being filed contemporaneously with this Reply memorandum in support of Defendants' Transfer Motion.

Dated: April 25, 2023

        Respectfully submitted,

        */s/ Eric W. Iskra*
        Eric W. Iskra
        Spilman Thomas & Battle, PLLC
        300 Kanawha Boulevard, East 25301
        P.O. Box 273
        Charleston, WV 25321-0273
        Telephone: (304) 340-3875
        Facsimile: (304) 340-3801

        Stacey C.S. Cerrone*
        Lindsey H. Chopin*
        JACKSON LEWIS P.C.
        601 Poydras Street, Suite 1400
        New Orleans, LA 70130
        Telephone: (504) 208-1755
        Facsimile: (504) 208-1759
        Stacey.Cerrone@jacksonlewis.com
        Lindsey.Chopin@jacksonlewis.com

        **Pro Hac Vice* forthcoming*

        *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on this 25th day of April, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Eric W. Iskra*
for Spilman Thomas & Battle, PLLC
