IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

GLENDA KOVACH and
AMY ADKINS, individually and as representatives
of a Putative Class of Participants and Beneficiaries,
on behalf of the LHC GROUP 401(K) PLAN,

Plaintiffs,

v.                                                          CIVIL ACTION NO. 3:23-cv-0051

LHC GROUP, INC.,
LHC GROUP 401(K) COMMITTEE,
MARCUS MACIP,
JOSH PROFFITT,
CHRIS GILL,
KIMBERLY SEYMOUR, and
DOES 1 through 10,

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING
RESOLUTION OF DEFENDANTS' TRANSFER MOTION**

Defendants LHC Group, Inc. ("LHC"), LHC Group 401(k) Committee ("Committee"), Marcus Macip, Josh Proffitt, Chris Gill, Kimberly Seymour, and Does 1 through 10 ("Individual Defendants") (collectively, "Defendants"), through undersigned counsel, respectfully submit this Reply Memorandum in Support of their Motion to Stay Proceedings Pending Resolution of Defendants' Transfer Motion ("Stay Motion"). The minimal prejudice of a brief stay of litigation pending this Court's resolution of Defendants' pending Motion to Transfer Venue Pursuant to § 1404(a) (Dkt. 22) ("Transfer Motion") is far outweighed by the inequity and judicial inefficiency of engaging in substantive litigation, most notably the resolution of responsive pleadings that will be filed, when the venue of this action has not yet been resolved.

1

### A. Defendants Are Not in Default.

Plaintiffs' claim that Defendants' Transfer Motion is not a responsive pleading, and thus they are in default, is unsupported by any relevant caselaw and ignores that Defendants sought a stay of litigation. Plaintiffs' citation of *Hall v. Miller's Health Sys., Inc.*—an unpublished, out-of-circuit opinion—purportedly in support of their position, is inapposite. There, defendants did not request a stay and the court ordered defendants to answer only after it determined the answer was necessary for it to analyze a pending motion for entry of default. No. 2:12-CV-151, 2012 U.S. Dist. LEXIS 146119 (N.D. Ind. June 12, 2012); *Kimbler v. Spear,* No. 1:16CV00047, 2017 U.S. Dist. LEXIS 54868 (W.D. Va. Apr. 11, 2017) (inapposite case cited by Plaintiffs wherein the court ordered Defendants to file an answer within 14 days when Defendants filed a summary judgment in lieu of a responsive pleading without seeking a stay of litigation). Those circumstances do not exist here.

Moreover, contrary to Plaintiffs' suggestions, Defendants were not required to seek expedited hearing on or retroactive application of the Stay Motion, to the extent that the latter is even a valid request. As explained in Defendants' opening memorandum in support of their Stay Motion, because the threshold issue of determining where litigation will proceed has a material impact on the case – including but not limited to the appropriate standards for resolving Rule 12 motions – Defendants frequently seek, and should seek, to transfer venue prior to filing responsive pleadings. Dkt. 26 at 2. That is especially true in cases like this where engaging in substantive motion practice is an inefficient use of the parties' and the Court's resources due to variations of the legal standards across circuits. Dkt. 29; *infra.* In short, by their very nature, venue transfer motions require prompt, early resolution. In fact, proceeding to the merits of the case prior to

resolving a venue transfer is grounds to seek a writ of mandamus from the Fourth Circuit to force a stay of the case. Dkt. 26 at 2.

### B. Plaintiffs Overstate the Harm They Will Suffer from a Brief Delay to Resolve a Critical, Threshold Issue.

Plaintiffs' allegations of gamesmanship by the Defendants are untrue and their assertions of resulting harm are overstated. First, Plaintiffs' discussion of the initial entry of default and the brief delay it caused is irrelevant to this discussion. Defendants, through no fault of their own, did not receive the copy of the complaint alleged to be served on it, and acted swiftly upon learning of the issue. *See* Dkt. 13 (seeking to set aside the entry of default two days after it was entered). The Court accordingly set aside the default. Dkt. 16.

Second, Defendants are not forum shopping. Defendants seek to transfer this litigation to the Western District of Louisiana because the alleged breaches, operative facts, key witnesses, and largest number of potential class members are in the Western District of Louisiana. Dkts. 23, 29. Indeed, the very basis of Defendants' Transfer Motion is to combat *Plaintiffs'* forum shopping. *Id.* And given that the standards applicable to this litigation, including the pleading standards, will vary based on the jurisdiction, it makes eminent sense to stay the litigation while the Transfer Motion is decided. Dkt. 26 at 2.

Finally, Plaintiffs do not describe or quantify in any respect whatsoever the harm they will purportedly suffer from a brief stay. Defendants are actively gathering and preserving relevant documents and are prepared to promptly file their Rule 12 motion following resolution of their Transfer Motion. In fact, Defendants' counsel offered to negotiate the production of a discrete set of discovery materials to Plaintiffs while the Transfer Motion was pending to further reduce the

already minimal delay, but Plaintiffs' counsel rejected the offer.[1] Thus any harm is of their own making.

Dated: April 25, 2023

Respectfully submitted,

/s/ Eric W. Iskra
Eric W. Iskra
Spilman Thomas & Battle, PLLC
300 Kanawha Boulevard, East 25301
P.O. Box 273
Charleston, WV 25321-0273
Telephone: (304) 340-3875
Facsimile: (304) 340-3801

Stacey C.S. Cerrone*
Lindsey H. Chopin*
JACKSON LEWIS P.C.
601 Poydras Street, Suite 1400
New Orleans, LA 70130
Telephone: (504) 208-1755
Facsimile: (504) 208-1759
Stacey.Cerrone@jacksonlewis.com
Lindsey.Chopin@jacksonlewis.com

*Pro Hac Vice forthcoming

Counsel for Defendants

---

[1] This exchange, which occurred in March 2023, also negates Plaintiffs' tone of surprise that Defendants sought to transfer this matter rather than file their Rule 12 motion.

## CERTIFICATE OF SERVICE

I certify that on this 25th day of April, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Eric W. Iskra*
for Spilman Thomas & Battle, PLLC
